[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
Plaintiff brings this action for an injunction and for damages in regard to breach of contract. The court is only involved in the question of the issuance of prejudgment remedy at this time.
On October 20, 1997 the plaintiff withdrew its complaint against Scott Robert Boccia.
This is a two count complaint. The first count claims breach of covenant not to compete by the two remaining individual defendants. The second count is for intentional interference with contract rights and is against all three defendants.
Facts
Before 1974, and at all relevant times since, the plaintiff, Dynamic Security Systems, Inc. ("Dynamic") has been a Connecticut corporation doing business in Connecticut selling home security systems. This corporation was wholly owned by Ralph J. Campochiaro, II (Ralph Two) who was its president.
Ralph J. Campochiaro III (Ralph Three) began to work for plaintiff on a part-time basis at the age of 14. He became a CT Page 1290 full-time employee in 1982, before working for plaintiff defendant had never had any material experience.
In 1983, Ralph Three left the plaintiff's business to work for 7 Up, selling beverages from a truck. He returned to work for the plaintiff as an independent contractor in 1985. His job was to locate customers and sell security systems. His compensation was on a commission basis, based on the profitability to plaintiff of each sale. He was not provided with federal income tax W-2 forms.
On or about October 7, 1988, Ralph Three signed an Independent Sales Consultant Agreement (Agreement) with plaintiff for no additional consideration. His responsibilities did not change.
The Agreement contained a clause to prevent defendant from competing with plaintiff for a period of three years, within a twenty-five mile radius of Southington, Connecticut. (covenant not to compete) The three year period was to commence upon the expiration or termination of his association with plaintiff.
The Agreement also stated that Ralph Three has the experience and capability to obtain employment in a business of a different nature. In fact Ralph Three's only training was in security systems sales and administration.
In August of 1993, defendant. Ralph Three's, association with plaintiff was terminated. Ralph Three then began to set up his own business.
Sometime in November of 1993 Ralph Two and Ralph Three met, and agreed to enter into a new agreement that the Ralph Three would dissolve his business and return as an employee of the plaintiff. Ralph Three then came back to work for the plaintiff in November 1993. His work then was not as a consultant but as a salaried employee who received W-2 forms.
Under the new arrangement his job was to run the business on a day-to-day basis. He hired, fired and supervised employees and independent contractors.
In or about April 1997 Ralph Three's employment with the plaintiff terminated and he then began to work in New Britain with the defendant Maximum Security (Maximum). The business is within CT Page 1291 a 25 mile radius of Southington.
Sometime in 1986 James Campochiaro (James), another son of Ralph Two, began to work for the plaintiff. On or about January 27, 1989, while at work for plaintiff as an independent sales consultant, he signed and executed an agreement entitled "Independent Sales Consultant Agreement". That agreement contained the same covenant not to compete within a 25 mile radius of Southington, Connecticut for a period of 3 years "immediately after the expiration, of termination of such association" with plaintiff.
Those agreements provided that dynamic "shall bed entitled. . .to an injunction to restrain the violations" of the covenant. They also provided that both Ralph three and James admit and recognize "that irreparable injury will result to DSS, Inc. its business and property in the event of a breach of this agreement".
In 1992 James left his consultant work with plaintiff and went to work for himself and another company for one year.
In November of 1993 James came back to work for plaintiff as a salaried employee. He stayed for about two years and then left about June 1995 and was employed by "Safe Home", a home security company. Sometime in May, 1995 James resigned from all positions which he held with plaintiff.
Then in early April 1997 he and Ralph Three formed defendant Maximum, a business selling home security systems in New Britain. Connecticut. He is still in that business which is within a 25 mile radius of Southington.
He has never been in another kind of business than security except for digging ditches for seven months.
On or about April 28, 1997 Ralph Three submitted his resignation as vice-president, secretary and director of Dynamic.
Conclusions
Defendants main defense to the first count is that the Agreements were signed when they were independent sales consultants and that their status as independent sales consultants expired more than three years before they began CT Page 1292 competing as alleged.
They are correct. The intent of James, Ralph Three and Ralph Two was that when James and Ralph Three terminated their association with Dynamic and ceased to work as consultants under their consultants agreements the covenant began to run. The covenant not to compete under the Agreement with Ralph Three expired three years after August 1993, i.e. at the latest by September 1996.
The covenant not to compete under the Agreement with James expired three years after 1992, i.e. at the latest January 1. 1996.
The plaintiff has not met its burden of proof in regard to its claim of intentional interference with contract rights.
The prejudgment remedy sought against the defendants is denied.
The injunction sought against the defendants is denied.
O'Neill, J.